**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DERRICK SWEETING, | Case No. 1:17-cv-727 |
| Plaintiff, | |
| | Dlott, J. |
| vs | Bowman, M.J. |
| THOMAS SCHWEIGTZER, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at Ohio State Penitentiary ("OSP") brings this action against defendants Thomas Schweitzer, Major Spurlock, Lt. Husbard, Lt. Couch, Lt. Shankin, and Sgt. Mrs. Hilis. This matter is now before the Court on Defendants motion for summary judgment (Doc. 35) and the parties' responsive memoranda.

**I. Background and Facts**

Plaintiff initiated this action on October 30, 2017. (Doc 1). Plaintiff's Complaint was ultimately sua sponte dismissed by this Court because he "failed to state a viable claim under § 1983" (Doc. 5 at PageID 24). Plaintiff then filed an amended complaint (Doc. 12), laying out his claims against the Defendants. Plaintiff's claims revolve around an incident involving Plaintiff and another inmate, Marcus Arnold (Doc. 12 at Page ID 55). Plaintiff was assaulted by Arnold on December 23, 2016. Plaintiff asserts that Arnold assaulted him because Sergeant Melissa Hillis paid Arnold to do so. Plaintiff further asserts that Hillis informed inmates who were members of the Bloods gang that Plaintiff was informing on them, and that Plaintiff threatened to start a gang war. (Doc 12). Based on the

foregoing, Plaintiff's amended complaint asserts claims under section 1983 for alleged violation of his Constitutional rights under the Eighth Amendment. Plaintiff also asserts a claim for negligence under state law.

Defendants now move for summary judgment asserting that they are entitled to judgment as a matter of law. For the reasons that follow, the undersigned finds that Defendants' motion is well-taken.

### II. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-49. The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id.* at 252.

**III. Analysis**

*A. Immunity*

As an initial matter, Defendants asserts that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. Where a state has not waived its immunity, the Eleventh Amendment acts as a jurisdictional bar to a federal court lawsuit against a state. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997). Ohio has not waived its sovereign immunity, and Congress did not disturb the states' Eleventh Amendment immunity when it passed 42 U.S.C. § 1983. *Wolfel*, 972 F.2d at 718; *Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1403 (N.D. Ohio 1993). The Eleventh Amendment thus precludes all suits, whether for injunctive or monetary relief, against the state and its departments. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01, 79 L.Ed.2d 67 (1984)). Moreover, a suit against a state official in his or her official capacity is deemed a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, a suit against a state official in his or her official capacity is no different from a suit against the state itself, and is also barred by the Eleventh Amendment. *Id.*; *see also Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299 (6th Cir. 1984) (holding that the Eleventh Amendment barred suit against university officers sued in their official capacities). To the extent Plaintiff's complaint seeks to hold Defendants liable in their official capacities, the undersigned agrees that Eleventh Amendment bars that claim for monetary relief. *Will,* 491 U.S. at 65.

*B. Exhaustion*

Defendant next contends that Plaintiff failed to properly exhaust his administrative remedies before filing this action.

A centerpiece of the PLRA is its requirement that a prisoner exhaust all available state administrative remedies before filing a lawsuit in federal court challenging the conditions of his confinement. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). In pertinent part, the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. "A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . ..'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)). The defendants bear the burden of proof on the affirmative defense of failure to properly exhaust administrative remedies. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)(citing *Jones v. Bock,* 549 U.S. 199, 204 (2007)). "Summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles*, 678 F.3d at 455.

An Ohio prisoner may not file a complaint in federal court until he has filed a grievance using the Ohio inmate grievance procedure, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights with respect to the grievance. *Id.* at *10 (citing *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997)); see also *Brown v. Warden, Ross Corr. Inst.*, No. 2:10-cv-822, 2012 U.S. Dist. LEXIS 115045, at *37–38 (S.D. Ohio Aug. 15, 2012) ("An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91 (2006). Ohio has established the following three-step "inmate grievance procedure" to "address inmate complaints related to any aspect of institutional life that directly and personally affects the [inmate]," including "complaints regarding policies, procedures, conditions of confinement, or the actions of institutional staff." Ohio Admin. Code 5120-9-31(A). All inmates receive written and oral descriptions of this procedure. Ohio Admin. Code 5120-9-31(C). ODRC maintains an inmate grievance procedure that is available to all inmates regardless of their disciplinary status at each of its institution. See Ohio Admin. Code 5120-9-31(D).

Here, the record indicates that Plaintiff did not initiate or complete any step of the inmate grievance procedure with respect to any issue he was facing regarding anything mentioned in the complaint. The Assistant Chief Inspector of DRC has submitted evidence that confirmed that Plaintiff did not complain with an ICR, Grievance, or Appeal,

as demonstrated by his failure to appeal his RIB decision and his grievance history. (See Doc. 35, Exhs. A, B, and C).

Accordingly, pursuant to the PLRA, Plaintiff cannot seek redress under § 1983.

*C. Eighth Amendment Claims and Qualified Immunity*

Plaintiff claims that Defendants actions violated his constitutional rights under the Eighth Amendment by failing to protect him. To make out a failure to protect claim under the Eighth Amendment, a plaintiff must prove both an objective and subjective component, and must show that a prison official was deliberately indifferent to his safety or welfare. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prove that he faces an objectively substantial risk of harm, a plaintiff must allege more than a generalized fear or threat of harm. *See Blacker v. Satterthwaite*, 2011 WL 6338851 at (S.D. Oct. 14, 2011); *Mosquera v. Delgado*, 2010 WL 2010973 at *4 (additional citations omitted) (inmate who alleged that he repeatedly told defendants that he feared for his health and safety due to "serious threats and conflict" with gang members did not show objective conditions posing a substantial risk in part because inmate identified only a general conflict).

Here, Plaintiff asserts that Defendant Hillis informed inmates who were members of the Bloods gang that Plaintiff was informing on them, and that Plaintiff threatened to start a gang war. (Doc 12). However, Plaintiff presents no evidence in support of this assertion and therefore has failed to establish any constitutional violation.

Defendants are also entitled to qualified immunity. Notably, qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73

6

L.Ed.2d 396 (1982). Qualified immunity not only insulates government officials from individual liability for money damages, but from the burdens and expenses of litigation and trial. *Saucier v. Katz*, 533 U.S. 194, 200–201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The doctrine of qualified immunity is intended to balance the following competing interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed. 2d 565 (2009). Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). See also *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008).

Qualified immunity applies regardless of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson*, 555 U.S. at 231, 129 S.Ct. 808. Here, Defendants are entitled to qualified immunity in their individual capacities on the record presented because Plaintiff has failed to show that any Defendant violated any clearly established constitutional right of which a reasonable person would have known.

*D. Negligence*

Last, Plaintiff's tort claims against the State of Ohio are barred by preclusion and subject to dismissal. Notably, Plaintiff has already litigated his negligence claim in the

Court of Claims, which has exclusive jurisdiction over tort actions against the State of Ohio. This issue was resolved in the Court of Claims of Ohio Case No. 2017-00668AD.

The doctrine of collateral estoppel, or issue preclusion, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 661 (6th Cir. 1990); *Hobart Corp. v. Dayton Power & Light Co.,* 997 F. Supp. 2d 835, 849, 2014 U.S. Dist. LEXIS 20953, *34, 78 ERC (BNA) 1638. Under the doctrine of nonmutual claim preclusion, dismissal may be appropriate where the subsequent lawsuit arises out of the same operative facts with only slight changes to the legal theory asserted or the parties sued. See *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.

Accordingly, Plaintiff's negligence claims are barred by preclusion.[1]

**IV. Conclusion**

In light of the foregoing, it is herein recommended that Defendants motion for summary judgment (Doc. 35) be **GRANTED** and this matter **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Additionally, because plaintiff's federal claims should be dismissed, the Court no longer has original jurisdiction and should decline to exercise supplemental jurisdiction over any pendant state-law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, any state law claims should also be dismissed without prejudice.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DERRICK SWEETING,　　　　　　　　　　　Case No. 1:17-cv-727

　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　Dlott, J.
vs　　　　　　　　　　　　　　　　　　　Bowman, M.J.

THOMAS SCHWEIGTZER, et al.,

　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).